CH

**FILED**

DEC 2 7 2007
Dec 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WINSTON HEARNS, as the Independent )<br>Administrator of the Estate of JESSIE MAE )<br>HEARNS, deceased, )<br>)<br>               Plaintiff, )<br>)<br>vs. )<br>)<br>HEALTH CARE AND RETIREMENT )<br>CORPORATION OF AMERICA, )<br>incorrectly sued as HCR MANOR CARE, )<br>d/b/a HCR MANOR CARE, INC., d/b/a )<br>MANOR CARE HEALTH SERVICES, )<br>INC., d/b/a MANOR CARE HEALTH )<br>SERVICES HOMEWOOD, and d/b/a )<br>MANOR CARE OF HOMEWOOD, IL, )<br>L.L.C., )<br>)<br>         Defendants. ) | **07CV7258**<br>**JUDGE CASTILLO**<br>**MAG. JUDGE MASON**<br>~~Magistrate Judge~~<br><br>**JURY DEMAND** |

## NOTICE OF REMOVAL

NOW COMES, the Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, by and through their attorneys McVEY & PARSKY, LLC, and pursuant to 28 U.S.C. §1332, 1441 and 1446, file this Notice of Removal to the United States District Court for the Northern District of Illinois, from the Circuit Court of the Cook County, Illinois, where the action is currently pending, and states that:

1.     The plaintiff filed a Complaint with the Circuit Court of the Cook County, Illinois on November 5, 2007. A copy of the Complaint is attached hereto and incorporated herein and identified as Exhibit 1.

2. This Defendant was served with a copy of the Complaint on November 27, 2007. A copy of the proof of service is attached as Exhibit 2.

3. On December 21, 2007 this Defendant filed its appearance, its responsive pleadings, and discovery directed to the Plaintiff. Copies of said documents are attached as Exhibits 3, 4 and 5.

4. The Defendant is a Delaware corporation with its principle place of business in Toledo, Ohio. See Exhibit 6, the Affidavit of Terry Wilson. The Plaintiff is not a resident of the State of Ohio.

5. The Plaintiff's Complaint seeks recovery for various injuries and is seeking damages substantially in excess of the jurisdictional limit of the Circuit Court of Cook County. It is reasonable to assume that the sum in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332, and removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a)

7. This Notice of Removal was filed within thirty (30) days of the date of service.

8. Written Notice of the Removal has been provided to Plaintiff's counsel and to the Clerk of the Circuit Court of Cook County, Illinois in compliance with 28 U.S.C. §1446(b).

8. A copy of the process, pleadings and orders served upon this Defendant in the above captioned matter are attached hereto and identified as Exhibits 1 though 6.

WHEREFORE, the Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA respectfully requests that this action proceed in the

United States District Court for the Northern District of Illinois, Eastern Division as an action properly removed from the State Court of Illinois.

Respectfully submitted,

HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA

BY: _____

D. Timothy McVey (#6182134)
One of its attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Steven M. Dicker, Dicker and Dicker, 300 West Adams Street, Suite 330, Chicago, Illinois 60606**, by regular mail on December _27__, 2007.

McVEY & PARSKY, LLC
Attorney for Defendant
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Tel: (312) 551-2130
Fax: (312) 551-2131

By:_____

D. Timothy McVey
Illinois Bar #6182134

3

# EXHIBIT 1

## Plaintiff's Complaint

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT- LAW DIVISION

| | |
|---|---|
| WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, ) ) ) ) | Case No. |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| HCR MANOR CARE, d/b/a/ HCR MANOR ) CARE, INC., d/b/a MANOR ) CARE HEALTH SERVICES, INC., d/b/a ) MANOR CARE HEALTH SERVICES ) HOMEWOOD, and d/b/a MANOR CARE ) OF HOMEWOOD, IL, L.L.C., ) ) ) | |
| Defendant. ) | |

### COMPLAINT AT LAW

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the

Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and,

complaining of the Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR

CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE

HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE

OF HOMEWOOD, IL, L.L.C.,("MANOR CARE"), states as follows:

### COUNT I

1.      That on December 8, 2006, WINSTON HEARNS was appointed Administrator

of the Estate of JESSIE MAE HEARNS, deceased.  A copy of the Letters of Office is attached

hereto.

2.     On or about November 15, 2005 through March 20, 2006, MANOR CARE was the owner, licensee and operator of the long-term care facility known as MANOR CARE HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101 *et seq.* (Hereafter, the "Act").

3.     On or about November 15, 2005 through March 20, 2006, JESSIE MAE HEARNS, was residing in and receiving personal care from Defendant, MANOR CARE HEALTH SERVICES HOMEWOOD

4.     That during the aforesaid time period, JESSIE MAE HEARNS developed multiple decubitus ulcers on her person.

5.     That at all times relevant hereto, it was the duty of MANOR CARE and MANOR CARE'S agents and employees to refrain from neglecting JESSIE MAE HEARNS pursuant to Section 107 of the Act, 210 ILCS 45/1-107.

6.     On said date, MANOR CARE, through its employees and agents, violated its duty to JESSIE MAE HEARNS by committing the following acts or omissions:

      a.     Failed to properly care for JESSIE MAE HEARNS by preventing, treating and timely detecting several decubitus ulcers on her person;

      b.     Failed to properly care for JESSIE MAE HEARNS by discharging her from its care when it was medically unsafe to do so;

      c.     Failed to adequately supervise and control its agents, servants, and/or employees who were charged with the responsibility of providing care to JESSIE MAE HEARNS on a daily basis;

2

d    Failed to provide adequate medical or personal care or maintenance to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117;

e.   Otherwise carelessly, negligently and improperly provided nursing home care to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117.

7.   That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant, MANOR CARE, JESSIE MAE HEARNS, was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

WHEREFORE, Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount necessary to compensate him fully and fairly for all losses compensable under the act, and for his costs and attorney's fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, plus punitive damages in an amount substantially in excess of the minimum jurisdictional limits of the Court.

## COUNT II

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and,

3

complaining of the Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR

CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE

HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C.

("MANOR CARE"), states as follows:

    1.    That on December 8, 2006, WINSTON HEARNS was appointed Administrator

of the Estate of JESSIE MAE HEARNS, deceased. A copy of the Letters of Office is attached

hereto.

    2.    On or about November 15, 2005 through March 20, 2006, MANOR CARE was

the owner, licensee and operator of the long-term care facility known as MANOR CARE

HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and

State of Illinois.

    3.    That during the aforesaid time period, JESSIE MAE HEARNS, was a person

residing in and receiving personal care from Defendant's facility.

    4.    That during the aforesaid time period and at all times relevant herein, the

Defendant MANOR CARE, held itself out and otherwise informed the public that it had and

possessed the requisite skill, competence, facilities, know-how, and personnel to properly care

for the residents therein.

    5.    That during the aforesaid time period, and at all times relevant herein, the

Defendant, MANOR CARE, engaged its staff as its duly authorized agents, servants, and or

employees, various nurses, nurse's aides, orderlies and other personnel.

    6.    That during the aforesaid time period, JESSIE MAE HEARNS developed

multiple decubitus ulcers on her person.

4

7. That at all times relevant herein, the Defendant, MANOR CARE, owed a duty to render nursing care services in a reasonable manner consistent with the requirements of the residents admitted herein and so as not to create an unreasonable risk of injury and harm to the residents, including JESSIE MAE HEARNS.

8. That after assuming the care of JESSIE MAE HEARNS, the Defendant MANOR CARE, by and through its duly authorized agents, servants and or employees, was then and there guilty of one or more of the following wrongful acts or omissions:

   a. Failed to properly care for JESSIE MAE HEARNS by preventing, treating, and timely detecting several decubitus ulcers on her person;

   b. Failed to properly care for JESSIE MAE HEARNS by discharging her from its care when it was medically unsafe to do so;

   c. Failed to adequately supervise and control its agents, servants, and/or employees who were charged with the responsibility of providing care to JESSIE MAE HEARNS on a daily basis;

   d. Otherwise carelessly, negligently and improperly provided nursing home care to JESSIE MAE HEARNS.

9. That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant, MANOR CARE, JESSIE MAE HEARNS, was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

WHEREFORE, the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00) plus the costs of this suit and punitive damages.

By: _____

Steven M. Dicker
Attorney for Plaintiff

**DICKER & DICKER**
**300 W. Adams Street, Suite 330**
**Chicago, IL 60606**
**312/853-3485**
**Cook County ID No. 52742**

6

LETTERS OF OFFICE - DECEDENT'S ESTATE                                    (Rev. 12/23/03) CCP 0415

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

**JESSIE MAE HEARNS**

No.  **2006 P 006432**

Docket

Deceased

Page

## LETTERS OF OFFICE - DECEDENT'S ESTATE

**WINSTON  HEARNS** _____ has been appointed

**Independent**                **Administrator** _____ of the estate of

**JESSIE MAE HEARNS** _____, deceased,

who died  **Tuesday, April 04, 2006** _____, and is authorized to to take possession of and collect the

estate of the decedent and to do all acts required by law.

WITNESS,  **December 08, 2006** _____

**Dorothy Brown**
**Clerk of the Circuit Court**

(SEAL)

## CERTIFICATE

I certify that this is a copy of the letters of office now in force in this estate.

dlb

WITNESS,  **December 08, 2006** _____

*Dorothy Brown*
Clerk of Court

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT- LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of )
JESSIE MAE HEARNS, deceased, )      Case No.
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )
HCR MANOR CARE, d/b/a/ HCR MANOR)
CARE, INC., d/b/a MANOR          )
CARE HEALTH SERVICES, INC., d/b/a )
MANOR CARE HEALTH SERVICES        )
HOMEWOOD,                         )
                                  )
                                  )
            Defendant.            )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

I, Steven M. Dicker, attorney for the Plaintiff, state that the amount of money damages sought exceeds $50,000.00.

_____
Steven M. Dicker
Attorney for Plaintiff

**DICKER AND DICKER #52742**
**300 West Adams Street**
**Suite 330**
**Chicago, Illinois 60606**
**(312) 853-3485**

# EXHIBIT 2

**Summons and Proof of Service**

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
11/27/2007
CT Log Number 512824544

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**  John Benavides, Sr. Attorney
HCR-ManorCare
333 N Summit St
Toledo, OH 43604

**HCR ManorCare Received**

**RE:**  **Process Served in Illinois**

**FOR:**  HCR Manor Care (Assumed Name) (Domestic State: OH)
Health Care and Retirement Corporation of America (True Name)

**NOV 29 2007**

Legal Department
Litigation

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Winston Hearns, as the Independent Administrator of the Estate of Jessie Mae Hearns, deceased, Pltf. vs. HCR Manor Care, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Attachment |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2007 L 12488 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - At Manor Care Health Services Homewood, Il, L.L.C . on 12/06/2006 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL. |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/27/2007 at 13:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven M. Dicker Dicker and Dicker 300 W. Adams Street Suite 330 Chicago, IL 60606 312-853-3485 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798316797030 Image SOP - Page(s): 10 Email Notification, Joy Donley JDONLEY@HCR-MANORCARE.COM |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Tawana Carter 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS ALIAS - SUMMONS (Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent
Administrator of the Estate of
JESSIE MAE HEARNS, deceased,

Plaintiff,

VS.

HCR MANOR CARE, d/b/a HCR MANOR CARE,
INC., d/b/a MANOR CARE HEALTH CARE
SERVICES, INC., d/b/a MANOR CARE HEALTH
SERVICES HOMEWOOD and d/b/a MANOR
CARE OF HOMEWOOD, IL, L.L.C.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.

2007L012498
CALENDAR/ROOM L
TIME 00:00
PI Stat M...

**PLEASE SERVE:**
**HCR MANOR CARE, d/b/a HCR MANOR
CARE, INC., d/b/a MANOR CARE HEALTH
SERVICES, INC., d/b/a MANOR CARE
HEALTH SERVICES HOMEWOOD, and d/b/a
MANOR CARE OF HOMEWOOD, IL, L.L.C.**

**C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604**

### SUMMONS

To defendant:

YOU ARE SUMMONED and required to file an answer to the petition in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room *801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,........**NOV....5.2007**..................., 2007

..........................................................................
Clerk of court

Name: Steven M. Dicker
Attorney for Plaintiff
Address: 300 W. Adams St., Suite 330
City: Chicago, Illinois 60606
Telephone: (312) 853-3485
Atty No: 52742

Date of service:..................DOROTHY BROWN 2007

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS ALIAS - SUMMONS (Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of )
JESSIE MAE HEARNS, deceased, )     No.     2007L012488
                                )              CALENDAR/ROOM
                                )              TIME 00:00
                    Plaintiff,  )              PI Stat Misc
                                )
VS.                             )  **PLEASE SERVE:**
HCR MANOR CARE, d/b/a HCR MANOR CARE, ) ) **HCR MANOR CARE, d/b/a HCR MANOR**
INC., d/b/a MANOR CARE HEALTH CARE   ) **CARE, INC., d/b/a MANOR CARE HEALTH**
SERVICES, INC., d/b/a MANOR CARE HEALTH ) **SERVICES, INC., d/b/a MANOR CARE**
SERVICES HOMEWOOD and d/b/a MANOR ) **HEALTH SERVICES HOMEWOOD, and d/b/a**
CARE OF HOMEWOOD, IL, L.L.C.,        ) **MANOR CARE OF HOMEWOOD, IL, L.L.C.**
                                )
                    Defendant.  ) **C T Corporation System**
                                ) **208 S. LaSalle Street, Suite 814**
                                ) **Chicago, Illinois 60604**

### SUMMONS

To defendant:

YOU ARE SUMMONED and required to file an answer to the petition in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room *801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,.............NOV....5..2007.........., 2007

.....................................................................
Clerk of court

Name: Steven M. Dicker
Attorney for Plaintiff
Address: 300 W. Adams St., Suite 330          Date of service:.............................., 2007
City: Chicago, Illinois 60606
Telephone: (312) 853-3485
Atty No: 52742

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
 Chancery-Divorce Division Room 802
 County Division Room 801
 Probate Division Room 1202

# EXHIBIT 3

## Appearance & Jury Demand

11694 DTM MC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                                      )
                      Plaintiff, )
                                      )     Case No. 07 L 012488
vs. )
                                        )     Calendar D
HCR MANOR CARE, d/b/a HCR MANOR )
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR)
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                                      )
                  Defendants. )

## APPEARANCE & JURY DEMAND

     The undersigned, as attorney, enters the appearance of Defendants:

**HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA,**
**incorrectly sued as HCR Manor Care, d/b/a HCR Manor Care, Inc., d/b/a Manor**
**Care Health Services, Inc., d/b/a Manor Care Health Services Homewood, and d/b/a**
**Manor Care of Homewood, IL, LLC**

*This Defendant hereby demands trial by jury.

                                         _____
                                         D. Timothy McVey

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago IL 60606
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

      I certify that a copy of the within instrument was served on all parties who have
appeared and have not heretofore been found by the Court to be in default for failure to
plead.

                                         _____
                                         Attorney for Defendant

# EXHIBIT 4

## Responsive Pleadings

11694 DTM MC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                   )
            Plaintiff, )
                   )     Case No. 07 L 012488
vs. )
                   )     Calendar D
HCR MANOR CARE, d/b/a HCR MANOR )
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                   )
            Defendants. )

## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR Manor Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health Services Homewood, and d/b/a Manor Care of Homewood, IL, LLC, by and through its attorneys, McVEY & PARSKY, LLC, and for its Answer to Plaintiff's Complaint at Law, states as follows:

### COMPLAINT AT LAW

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and, complaining of the Defendant, HCR MANOR CARE, d/b/a HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., ("MANOR CARE"), states as follows:

### COUNT I

1.     That on December 8, 2006, WINSTON HEARNS was appointed Administrator of the Estate of JESSIE MAE HEARNS, deceased. A copy of the Letters of Office is attached hereto.

**ANSWER:**     **The allegations of Paragraph 1 are admitted.**

2.     On or about November 15, 2005 through March 20, 2006, MANOR CARE was the owner, licensee and operator of the long-term care facility known as MANOR CARE HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101 *et se.q* (Hereinafter, the "Act")

> **ANSWER:**     **This Defendant will admit that it was the owner and licensee and operator of the facility referenced in Paragraph 2 and was subject to certain provisions of the Nursing Home Care Act. This Defendant denies the remaining allegation of Paragraph 2.**

3.     On or about November 15, 2005 through March 20, 2006, JESSIE MAE HEARNS, was residing in and receiving personal care from Defendant, MANOR CARE HEALTH SERVICES HOMEWOOD.

> **ANSWER:**     **This Defendant will admit that during certain times between November 15, 2005 and March 20, 2006, Jessie Mae Hearns was a resident of its nursing home and received nursing home services from Defendant's staff. This Defendant denies the remaining allegation of Paragraph 3.**

4.     That during the aforesaid time period, JESSIE MAE HEARNS developed multiple decubitus ulcers on her person.

> **ANSWER:**     **The allegations of Paragraph 4 are denied.**

5.     That at all times relevant hereto, it was the duty of MANOR CARE and MANOR CARE's agents and employees to refrain from neglecting JESSIE MAE HEARNS pursuant to Section 107 of the Act, 210 ILCS 45/1-107.

> **ANSWER:**     **This Defendant will admit to all duties imposed by law and denies the allegations of Paragraph 5 to the extent that they imply that this Defendant had duties not imposed by law.**

6.     On said date, MANOR CARE, through its employees and agents, violated its duty to JESSIE MAE HEARNS by committing the following acts or omissions:

2

(a) Failed to properly care for JESSIE MAE HEARNS by preventing, treating and timely detecting several decubitus ulcers on her person;

(b) Failed to properly care for JESSIE MAE HEARNS by discharging her from its care when it was medically unsafe to do so;

(c) Failed to adequately supervise and control its agents, servants, and/or employees who were charged with the responsibility of providing care to JESSIE MAE HEARNS on a daily basis;

(d) Failed to provide adequate medical or personal care or maintenance to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117;

(e) Otherwise carelessly, negligently, and improperly provided nursing home care to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117.

**ANSWER:** **This Defendant denies the allegations of Paragraph 6, including the allegations contained in all of its subparagraphs.**

7.     That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant MANOR CARE, JESSIE MAE HEARNS was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

**ANSWER:** **This Defendant denies the allegations of Paragraph 7.**

WHEREFORE, Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount necessary to compensate him fully and fairly for all losses compensable under the Act, and for his costs and attorney's fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, plus punitive damages in an amount substantially in excess of the minimum jurisdictional limits of the Court.

**ANSWER:** **WHEREFORE, Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR Manor Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health**

3

Services Homewood, and d/b/a Manor Care of Homewood, IL, LLC, denies that the Plaintiff is entitled to a judgment in any sum whatsoever and has also filed a Motion to Dismiss Plaintiff's claim for punitive damages.

## COUNT II

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and, complaining of the Defendant, HCR MANOR CARE, d/b/a HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., ("MANOR CARE"), states as follows:

1.     That on December 8, 2006, WINSTON HEARNS was appointed Administrator of the Estate of JESSIE MAE HEARNS, deceased. A copy of the Letters of Office is attached hereto.

2.     On or about November 15, 2005 through March 20, 2006, MANOR CARE was the owner, licensee and operator of the long-term care facility known as MANOR CARE HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and State of Illinois.

3.     That during the aforesaid time period, JESSIE MAE HEARNS was a person residing in and receiving personal care from Defendant's facility.

4.     That during the aforesaid time period and at all times relevant herein, the Defendant, MANOR CARE, held itself out and otherwise informed the public that it had an possessed the requisite skill, competence, facilities, know-how, and personnel to properly care for the residents therein.

5.     That during the aforesaid time period, and at all times relevant herein, the Defendant, MANOR CARE, engaged its staff as its duly authorized agents, servants, and/or employees, various nurses, nurse's aides, orderlies and other personnel.

6.     That during the aforesaid time period, JESSIE MAE HEARNS developed multiple decubitus ulcers on her person.

7.     That at all times relevant herein, the Defendant, MANOR CARE, owed a duty to render nursing care services in a reasonable manner consistent with the requirements of the residents admitted herein and so as not to create an unreasonable risk of injury and harm to the residents, including JESSIE MAE HEARNS.

8.     That after assuming the care of JESSIE MAE HEARNS, the Defendant, MANOR CARE, by and through its duly authorized agents, servants, and/or employees, was then and there guilty of one or more of the following wrongful acts or omissions:

4

(a)     Failed to properly care for JESSIE MAE HEARNS by preventing, treating and timely detecting several decubitus ulcers on her person;

(b)     Failed to properly care for JESSIE MAE HEARNS by discharging her from its care when it was medically unsafe to do so;

(c)     Failed to adequately supervise and control its agents, servants, and/or employees who were charged with the responsibility of providing care to JESSIE MAE HEARNS on a daily basis;

(d)     Otherwise carelessly, negligently and improperly provided nursing home care to JESSIE MAE HEARNS.

9.      That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant MANOR CARE, JESSIE MAE HEARNS was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

WHEREFORE, Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00) plus the costs of this suit and punitive damages.

**ANSWER:**  **This defendant makes no response to the allegations contained in Count II in that this Defendant has filed a Motion to Dismiss same.**

Respectfully submitted,

HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA,

BY:     _____
        D. Timothy McVey,
        One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:   312/551-2131
Firm No. 39907

5

11694 DTM MC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                                  )
                     Plaintiff, )
                                  )
vs. )    Case No. 07 L 012488
                                  )
HCR MANOR CARE, d/b/a HCR MANOR )    Calendar D
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                                  )
                     Defendants. )

## <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

NOW COMES the Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR Manor Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health Services Homewood, and d/b/a Manor Care of Homewood, IL, LLC, by and through its attorneys, McVEY & PARSKY, LLC, and for its Motion to Dismiss Plaintiff's Complaint at Law, states as follows:

### MOTION PURSUANT TO 735 ILCS 5/2-615

1.     The Plaintiff has filed a two Count Complaint. Count I of the Complaint seeks recovery of both compensatory and punitive damages under the Nursing Home Care Act (A copy of Plaintiff's Complaint is attached hereto as Exhibit A).

2.     Count I should be dismissed for the following reasons; 1) punitive damages are not recoverable under the Nursing Home Care Act; 2) the allegations of Count I do not allege facts sufficient to support a claim for punitive damages; 3) plaintiff

has failed to comply with 735 ILCS 5/2-604.1 and 4) punitive damages are not recoverable in death cases.

3.     The definitive case in Illinois on whether punitive damages are recoverable under the Nursing Home Care Act ("Act")( 210 ILCS 45/1 et seq.; formerly 111 ½ par. 4151-101 et seq.) is *Harris v. Manor Health Care Corp.*, 111 Ill.2d 350, 49 N.E.2d 1374 (1986).  In *Harris*, the Plaintiff filed a Complaint which sought damages under the Nursing Home Care Act as well as punitive damages for alleged common law willful and wanton conduct.  Interestingly, the Defendant in *Harris* filed a motion to dismiss the Nursing Home Care Act count on the grounds that §3-603 and §3-604 of the Act authorized the recovery of both treble damages under §3-602 of the Act and common law punitive damages.  Thus, the Defendant argued that the treble damages provision of the Act was unconstitutional.

The trial court found that treble damages were the equivalent of punitive damages and, therefore, concluded that the recovery of both amounted to a double recovery for the same wrong. The court went on to add that because the Act authorized a double recovery of punitive damages and treble damages, the Act violated due process and was, therefore, invalid.   The trial court dismissed the Nursing Home Care Act count of the Plaintiff's Complaint with prejudice and the Plaintiff appealed directly to the Illinois Supreme Court.

4.     The Illinois Supreme Court framed the issue on the appeal as whether the civil damages provision of the Act violated due process by authorizing a double recovery for a single injury. The Plaintiff construed the Act as not authorizing the recovery of both treble damages and common law punitive damages.  111 Ill.2d 357 (emphasis added).  It

2

was the _Defendant_ that maintained that the Act allowed injured residents to recover both treble and punitive damages. _Id_ at 357 (emphasis added).

5.     The Illinois Supreme Court held that the treble damages provision of §3-602 must be construed as being punitive in nature. _Id_ at 361. The Court went on to note that the recovery of both treble damages and common law punitive damages would, under the circumstances of the _Harris_ case, constitute a double recovery for a single injury. _Id_ at 361.

6.     The Plaintiff in _Harris_ argued that she was not seeking double recovery and that the inclusion of multiple theories in the same Complaint was permissible and that any double recovery could be avoided by either requiring an election of remedies or by entering a judgment in the alternative. _Id_ at 362. The Defendant contended that §3-603 and §3-604 of the Act expressly authorized recovery of both statutory treble damages and common law punitive damages and, as a result, removed any judicial discretion to limit a double recovery of punitive damages, thus the Act violated due process. In essence, the Defendant was arguing that the Act provided for the recovery of common law punitive damages based on the language of §3-603 and §3-604.

7.     §3-603 of the Act provides:

> "A resident may maintain an action under this Act for any other type of relief, including injunctive and declaratory relief, permitted by law".

The _Harris_ Defendant argued that that section authorized the recovery of treble damages and common law punitive damages for violations of the Act. The Illinois Supreme Court disagreed. The Illinois Supreme Court held that the section in question makes available to Plaintiffs several remedies or actions for violations of the Act, which are "different or

3

distinct" from the damages remedy already provided for in §3-602. *Id* at 363. The Court

went on further to state:

> "§3-603 does not expressly authorize a double recovery,
> and, in the absence of an expressed authorization, we are
> unwilling to infer as much, since to do so would render the
> statute invalid...Therefore, we do not construe §3-603 as
> authorizing a double recovery of punitive damage." *Id* at
> 363-364.

8.      The Defendant in *Harris* also contended that §3-604 of the Act authorized

the recovery of punitive damages under the Act. §3-604 governs class action suits

brought under the Act and states:

> "The remedies provided in §3-601 through 3-607 are in addition
> and cumulative with any other legal remedies available to a
> resident." *Id* at 364.

It was the Defendant's position that by specifying that the treble damages remedy was in

addition to and cumulative with common law remedies, §3-604 removed any judicial

discretion to limit the recovery of both treble damages and common law punitive

damages. *Id* at 364. Once again, the Illinois Supreme Court disagreed with the

Defendant stating that:

> "The term 'cumulative remedy' has been consistently construed to
> mean 'a remedy created by statute in addition to one which still
> remains in force.'" *Id* at 364.

Thus, to provide a remedy that is cumulative is just another way of stating that the

remedy is not exclusive. The sole purpose of such a provision is to preserve other legal

remedies so that a Plaintiff may choose between them, not to authorize a double recovery

for a single injury. *Id* at 365. The Supreme Court rejected the Defendant's contention

that §3-604 authorized a double recovery (punitive damages) for a single injury. *Id* at

365.

4

9.     The *Harris* court concluded that the statutory remedy under §3-602 and the common law action for willful and wanton misconduct were not inconsistent. *Id* at 365.

10.     It should be noted that the *Harris* court, as well as other courts, have consistently referred to a resident's right to seek "common law" punitive damages. As the *Harris* decision makes abundantly clear, however, an action for punitive damages does not arise out of any statutory provision of the Act. Instead, punitive damages are recoverable as a common law remedy not governed by the Act. Thus, Count I of the Plaintiff's Complaint at Law should be dismissed.

11.     To establish a right to the recovery of punitive damages a plaintiff must show that the tort was committed with malice or where the Defendant acted willfully or with wanton disregard for the right of others. Negligence is not the same as wantonness and punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like which constitute ordinary negligence. See *Loitz v. Remington Arms Company, Inc.* 138 Ill. 2d 404, 415 (1990).

12.     The allegations of Count I of the Plaintiff's Complaint do not allege sufficient facts upon which an award of punitive damages can be premised. The allegations allege mere negligence and Count I should be dismissed.

13.     735 ILCS §5/2-604.1 requires that in all actions on account of bodily injury based on negligence where punitive damages are permitted, no complaint should be filed containing a prayer for relief seeking punitive damages. §5/2-604.1 goes on to say that before amending a complaint to seek punitive damages, the Plaintiff must prepare a pre-trial motion and the court must hear the motion before any such amendment

can be made. No such motion has been filed in this case and, thus, Plaintiff's prayer for punitive damages should be stricken.

14.     Plaintiff admits that Jessie Mae Hearns is deceased. It well settled in Illinois that a claim for punitive damages does not pass to the decedent's estate by virtue of the Survival Act. *Mattyasovscky v. West Town Bus*, 61 Ill.3d 31 (1975); *National Bank of Bloomington v. Norfold and Western Railway Co.*, 73 Ill.3d 160 (1978); and, *Froud v. Celotex Corp.*, 98 Ill.2d 324 (1983). Plaintiff's admission that the resident in question is deceased precludes the Plaintiff from seeking punitive damages in this case. Thus, Count I of the Plaintiff's Compliant should be dismissed.

15.     Count II of the Plaintiff's Complaint seeks recovery of both compensatory and punitive damages for healing art malpractice. In addition to the reasons articulated above as to why Count I should be dismissed, Count II should be dismissed for seeking punitive damages for healing art malpractice.

16.     735 ILCS 5/2-1115 reads as follows:

"In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed."

17.     Paragraph 8 of Count II alleges that this Defendant failed to prevent, treat and timely detect decubitus ulcers. It further alleges that this Defendant improperly discharged the decedent.

18.     "To determine whether a complaint sounds in ordinary negligence or healing art malpractice, courts look to the evidence that will be necessary to establish the defendant's standard of care." *Kolanowski v. Illinois Valley Community Hospital*, 136 Ill.Dec. 135, 137 (3d Dist. 1989). In the present case it is obvious that Plaintiff will be

6

required to present medical expert testimony to establish his cause of action. Accordingly, Count II should be dismissed.

## MOTION TO DISMISS PURSUANT TO 735 ILCS 5/2-619

19. As more fully set forth above, Count II seeks recovery for healing art malpractice. Thus, Plaintiff must comply with 735 ILCS 5/2-622.

20. 735 ILCS 5/2-622(a)(1) requires that all complaints that seek recovery for healing art malpractice shall have an attorney's affidavit and a physician's report attached thereto. Plaintiff's complaint does not. 735 ILCS 5/2-622(g) states that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." Thus Count II should be dismissed.

WHEREFORE, this Defendant, HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR Manor Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health Services Homewood and d/b/a Manor Care of Homewood, IL, LLC, moves this Court to enter an order dismissing the Plaintiff's Complaint at Law.

Respectfully submitted,

HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA,

BY: _____
D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax: 312/551-2131
Firm No. 39907

7

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT- LAW DIVISION**

WINSTON HEARNS, as the Independent )
Administrator of the Estate of )
JESSIE MAE HEARNS, deceased, )      Case No.
)
       Plaintiff, )
)
v. )
)
HCR MANOR CARE, d/b/a/ HCR MANOR )
CARE, INC., d/b/a MANOR )
CARE HEALTH SERVICES, INC., d/b/a )
MANOR CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
)
)
       Defendant. )

## COMPLAINT AT LAW

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the

Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and,

complaining of the Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR

CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE

HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE

OF HOMEWOOD, IL, L.L.C.,("MANOR CARE"), states as follows:

## COUNT I

1.     That on December 8, 2006, WINSTON HEARNS was appointed Administrator

of the Estate of JESSIE MAE HEARNS, deceased. A copy of the Letters of Office is attached

hereto.



2.     On or about November 15, 2005 through March 20, 2006, MANOR CARE was

the owner, licensee and operator of the long-term care facility known as MANOR CARE

HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and

State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS

45/1-101 *et seq.* (Hereafter, the "Act").

3.     On or about November 15, 2005 through March 20, 2006, JESSIE MAE

HEARNS, was residing in and receiving personal care from Defendant, MANOR CARE

HEALTH SERVICES HOMEWOOD

4.     That during the aforesaid time period, JESSIE MAE HEARNS developed

multiple decubitus ulcers on her person.

5.     That at all times relevant hereto, it was the duty of MANOR CARE and MANOR

CARE'S agents and employees to refrain from neglecting JESSIE MAE HEARNS pursuant to

Section 107 of the Act, 210 ILCS 45/1-107.

6.     On said date, MANOR CARE, through its employees and agents, violated its duty

to JESSIE MAE HEARNS by committing the following acts or omissions:

> a.     Failed to properly care for JESSIE MAE HEARNS by preventing, treating
>        and timely detecting several decubitus ulcers on her person;
>
> b.     Failed to properly care for JESSIE MAE HEARNS by discharging her
>        from its care when it was medically unsafe to do so;
>
> c.     Failed to adequately supervise and control its agents, servants, and/or
>        employees who were charged with the responsibility of providing care to
>        JESSIE MAE HEARNS on a daily basis;

2

d       Failed to provide adequate medical or personal care or maintenance to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117;

e.      Otherwise carelessly, negligently and improperly provided nursing home care to JESSIE MAE HEARNS within the meaning of 210 ILCS 45/1-117.

7.    That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant, MANOR CARE, JESSIE MAE HEARNS, was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

WHEREFORE, Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount necessary to compensate him fully and fairly for all losses compensable under the act, and for his costs and attorney's fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, plus punitive damages in an amount substantially in excess of the minimum jurisdictional limits of the Court.

## COUNT II

Now comes the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, by his attorneys, DICKER & DICKER, and,

3

complaining of the Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C. ("MANOR CARE"), states as follows:

1. That on December 8, 2006, WINSTON HEARNS was appointed Administrator of the Estate of JESSIE MAE HEARNS, deceased. A copy of the Letters of Office is attached hereto.

2. On or about November 15, 2005 through March 20, 2006, MANOR CARE was the owner, licensee and operator of the long-term care facility known as MANOR CARE HEALTH SERVICES HOMEWOOD, located in the City of Homewood, County of Cook and State of Illinois.

3. That during the aforesaid time period, JESSIE MAE HEARNS, was a person residing in and receiving personal care from Defendant's facility.

4. That during the aforesaid time period and at all times relevant herein, the Defendant MANOR CARE, held itself out and otherwise informed the public that it had and possessed the requisite skill, competence, facilities, know-how, and personnel to properly care for the residents therein.

5. That during the aforesaid time period, and at all times relevant herein, the Defendant, MANOR CARE, engaged its staff as its duly authorized agents, servants, and or employees, various nurses, nurse's aides, orderlies and other personnel.

6. That during the aforesaid time period, JESSIE MAE HEARNS developed multiple decubitus ulcers on her person.

4

7.   That at all times relevant herein, the Defendant, MANOR CARE, owed a duty to render nursing care services in a reasonable manner consistent with the requirements of the residents admitted herein and so as not to create an unreasonable risk of injury and harm to the residents, including JESSIE MAE HEARNS.

8.   That after assuming the care of JESSIE MAE HEARNS, the Defendant MANOR CARE, by and through its duly authorized agents, servants and or employees, was then and there guilty of one or more of the following wrongful acts or omissions:

      a.   Failed to properly care for JESSIE MAE HEARNS by preventing, treating, and timely detecting several decubitus ulcers on her person;

      b.   Failed to properly care for JESSIE MAE HEARNS by discharging her from its care when it was medically unsafe to do so;

      c.   Failed to adequately supervise and control its agents, servants, and/or employees who were charged with the responsibility of providing care to JESSIE MAE HEARNS on a daily basis;

      d.   Otherwise carelessly, negligently and improperly provided nursing home care to JESSIE MAE HEARNS.

9.   That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant, MANOR CARE, JESSIE MAE HEARNS, was then and there injured, both internally and externally and was caused to and did undergo great pain and discomfort, disfigurement and physical impairment, all of which injuries are permanent; and that she has been kept from attending to her ordinary affairs and duties, and has become liable for large sums of money for medical and hospital treatment.

WHEREFORE, the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the Estate of JESSIE MAE HEARNS, deceased, prays for judgment against Defendant, HCR MANOR CARE, d/b/a/ HCR MANOR CARE, INC., d/b/a MANOR CARE HEALTH SERVICES, INC., d/b/a MANOR CARE HEALTH SERVICES HOMEWOOD, and d/b/a MANOR CARE OF HOMEWOOD, IL, L.L.C., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00) plus the costs of this suit and punitive damages.

By: _____

Steven M. Dicker
Attorney for Plaintiff

**DICKER & DICKER**
**300 W. Adams Street, Suite 330**
**Chicago, IL 60606**
**312/853-3485**
**Cook County ID No. 52742** .

6

LETTERS OF OFFICE - DECEDENT'S ESTATE                                                (Rev. 12/23/03) CCP 0415

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

Estate of                                                    No. **2006 P 006432**

**JESSIE MAE HEARNS**                                        Docket

                                    Deceased                 Page

## LETTERS OF OFFICE - DECEDENT'S ESTATE

**WINSTON HEARNS**                                           has been appointed

**Independent**          **Administrator**                   of the estate of

**JESSIE MAE HEARNS**                                        , deceased,

who died **Tuesday, April 04, 2006**          , and is authorized to to take possession of and collect the

estate of the decedent and to do all acts required by law.

WITNESS, **December 08, 2006**

**Dorothy Brown**
**Clerk of the Circuit Court**

(SEAL)

## CERTIFICATE

I certify that this is a copy of the letters of office now in force in this estate.

WITNESS, **December 08, 2006**

*Dorothy Brown*
**Clerk of Court**

dlb

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT- LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of )
JESSIE MAE HEARNS, deceased, )        Case No.
)
            Plaintiff, )
)
    v. )
)
HCR MANOR CARE, d/b/a/ HCR MANOR)
CARE, INC., d/b/a MANOR )
CARE HEALTH SERVICES, INC., d/b/a )
MANOR CARE HEALTH SERVICES )
HOMEWOOD, )
)
)
            Defendant. )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

I, Steven M. Dicker, attorney for the Plaintiff, state that the amount of money damages
sought exceeds $50,000.00.

_____
Steven M. Dicker
Attorney for Plaintiff

**DICKER AND DICKER #52742**
**300 West Adams Street**
**Suite 330**
**Chicago, Illinois 60606**
**(312) 853-3485**

# EXHIBIT 5

## Discovery directed to Plaintiff

11694 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                                       )
                 Plaintiff, )
                                         )
vs. )      Case No. 07 L 012488
                                         )
HCR MANOR CARE, d/b/a HCR MANOR )  Calendar D
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                                         )
                 Defendants. )

## INTERROGATORIES DIRECTED TO PLAINTIFF

NOW COMES Defendant, HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR
Manor Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health
Services Homewood, and d/b/a Manor Care of Homewood, IL, LLC, by and through its
attorneys McVEY & PARSKY, LLC, and propounds the following Interrogatories to be
answered by the Plaintiff, WINSTON HEARNS, as the Independent Administrator of the
Estate of JESSIE MAE HEARNS, within twenty-eight (28) days upon receipt hereof:

1.    State your full name, address, with whom you reside, date of birth and social
       security number.

**ANSWER:**

2.    State the full name, address and telephone number of each person who witnessed
       or claims to have witnessed the occurrence alleged in your Complaint.

**ANSWER:**

3.      State the full name, address and telephone number of each person not named in Interrogatory #2 above who was present or claims to have been present at the scene immediately before, at the time of or immediately after said occurrence.

**ANSWER:**

4.      Describe in general the personal injuries sustained by the resident as a result of said occurrence.

**ANSWER:**

5.      With regard to said injuries, state:

     (a)    the name and address of each attending physician;

     (b)    the name and address of each consulting physician;

     (c)    the name and address of each person or laboratory taking an x-ray of the resident;

     (d)    the date or inclusive dates on which each of them rendered the resident service;

     (e)    the amounts to date of their respective bills for service;

     (f)    from whom of them do you have written reports.

**ANSWER:**

6.      As the result of said injuries, was the resident a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the date or inclusive dates of said services.

**ANSWER:**

7.      Please list each and every element of damages claimed by you providing for each set of economic damages of the amount claimed and identify each and every document that contains facts, or purportedly contains facts upon which your damages' calculations are premised. (For this Defendant only)

2

**ANSWER:**

8.      During the ten years immediately prior to the date of said occurrence, had the resident been confined to a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, give the name and address of each such hospital, technician or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

**ANSWER:**

9.      Had the resident suffered any serious personal injury prior to the date of said occurrence? If so, state when, where, and in general how the resident was so injured and describe, in general, the injuries suffered.

**ANSWER:**

10.     Had the resident ever filed any other lawsuit for his own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

11.     Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

12.     Do you have statements from any witness and/or expert other than yourself? If so, give the name and address of each such witness and expert, the date of said statement, and state whether such statement was written or oral.

**ANSWER:**

13.     List the name and addresses of all other persons who have knowledge of the facts of said occurrence or of the injuries and damages following there from.

**ANSWER:**

14. Please provide all information required by Illinois Supreme Court Rule 213 (f)(1), (f)(2), and (f)(3).

**ANSWER:**

15. Please identify each and every individual who has knowledge or purportedly has knowledge of any fact that will either support or refute the allegations contained in the Plaintiff's complaint.

**ANSWER:**

16. Please state each and every governmental or other such regulation, statute, standard, guideline, protocol, policy or other such rule, you contend that this defendant violated in caring for the Plaintiff and for each violation state the facts upon which you premise your contention

**ANSWER:**

17. Please list all of the other doctors, hospitals, clients and other healing art practitioners the resident had seen in the eight years prior to the incidents in question, providing the last know addresses and telephone numbers for each.

**ANSWER:**

18. Please identify by title, author and date of publication each and every text, publication, or other such written document that establishes a standard of care that the Plaintiff claims that this defendant violated and that proximately caused the resident's injuries.

**ANSWER:**

19. Please state whether the resident, his power of attorney, his family, or his guardian ever refused any treatment, procedure, nutritional suggestion, medical care, or testing within two years of the incident alleged in the complaint and, if so, please state why the treatment, medical etc.... was declined.

**ANSWER:**

20. Please state whether a "do not resuscitate' was in placed at any time during the resident's stay at this defendant's facility and, if so, state the name and last known

4

address of each and every individual, including doctors, who participated in having the do not resuscitate executed and why such a provision was put in place.

**ANSWER:**

21.    Describe the acts and/or the omissions of this defendant, including specific diagnosis, procedures, tests, therapy, treatment or any other type of healing arts, which you claimed caused or contributed to the injuries to the resident for which you seek damages, and as to each, state:

        a.  the date or dates thereof;
        b.  the name and address of each witness;
        c.  the names and address of all other persons having knowledge thereof;
        d.  the location of any and all documents, including without limitation, nursing home, hospital or any other medical records reflection such acts and/or omissions.

**ANSWER:**

22.    Have you or anyone acting on your behalf, had any conversations with any persons at any time with regard to the manner in which the care and treatment described in your complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by the plaintiff's decedent or concerning the manner in which the care and treatment alleged in the complaint was provided? If so, state:

        a.  the date or dates of such conversation and /or statement;
        b.  the place of such conversations and/or statements;
        c.  the matters and things stated by the person in a conversation and/or statements;
        d.  whether the conversation was oral, written and /or recorded;
        e.  who has possession of this statement, if written and/or recorded?

**ANSWER:**

23.    Identify each person or entity, if any, that claims a lien or right to payment or reimbursement of any money from the proceeds of any settlement or judgment in this litigation.

**ANSWER:**

24.     Has the plaintiff or his attorneys engaged in discussions with any treating physician, nurse, or other health care provider that provided treatment to the decedent and, if so, state the name and address of each person with whom such discussions were held, the date on which the discussions were held, the names, addresses and employers of all individuals present for such discussions: whether such discussions were recorded or transcribed and if notes were taken during said discussions state the name, address and employer of the person taking the notes, and state who now has possession of said notes.

**ANSWER:**

25.     Identify each and every nursing home, assisted living facility, or other such facility that Willie Mae Hearns has resided in during the last fifteen (15) years.

**ANSWER:**

26.     State whether a complaint was filed with the Illinois Department of Public Health on behalf of Willie Mae Hearns regarding the nursing care provided at this Defendant's facility.

**ANSWER:**

27.     State whether there were any findings or conclusions prepared by the Illinois Department of Public Health regarding Willie Mae Hearns. If so, identify specifically the finding and/or conclusion.

**ANSWER:**

                                        Respectfully submitted,

                                        HEALTH CARE AND RETIREMENT
                                        CORPORATION OF AMERICA

                            BY:         _____
                                        D. Timothy McVey
                                        One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No.:       39907

6

11694 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                                 )
                  Plaintiff, )
vs.                            )    Case No. 07 L 012488
                                   )
HCR MANOR CARE, d/b/a HCR MANOR )    Calendar D
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                                   )
                Defendants. )

## DEFENDANTS FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS, OBJECTS AND TANGIBLE THINGS

NOW COMES the Defendant, HEALTH CARE AND RETIREMENT

CORPORATION OF AMERICA, incorrectly sued as HCR Manor Care, d/b/a HCR Manor

Care, Inc., d/b/a Manor Care Health Services, Inc., d/b/a Manor Care Health Services

Homewood, and d/b/a Manor Care of Homewood, IL, LLC, by its attorneys, McVEY &

PARSKY, LLC, pursuant to Illinois Supreme Court Rule 214, and hereby requests that the

Plaintiff produce within twenty-eight days of service of this request the following documents,

as defined in Supreme Court Rule 214, objects or tangible things, together with a Supreme

Court Rule 214 affidavit:

1.    Any and all documents referenced in Plaintiffs answer to this Defendant's
      interrogatories.

2.    Any and all documents reflecting or purportedly reflecting facts bearing on
      the Plaintiff's damages.

3. Any and all documents reflecting facts bearing on the resident's pre or post incident medical condition.

4. Any and all documents reflecting facts or purportedly contains facts bearing on resident's mental status before, during and after the incident in question.

5. Curriculum Vitae and reports of any experts or opinion witness who will testify at trial.

6. Any and all documents provided to any 213(f) witness who will testify at trial.

7. Any non-privileged statements of any persons having knowledge of the matters alleged in the Complaint, whether written, audiotaped, videotaped, stenographically recorded or stored on computer hardware or software.

8. All photographs or visual recordings of any kind relating to the scene of the occurrence alleged in the Complaint, including, but not limited to, the instrumentalities involved and the resident.

9. Any and all protocols, standards, regulations, guidelines or other such documents that Plaintiff claims apply to the Defendant in this case and which were violated and ultimately contributed to the resident's injuries.

10. Any and all investigative reports by any entity or individuals pertaining to the incident that is alleged in the resident's complaint.

11. Any and all medical records pertaining to any care or treatment rendered to the resident over the last fifteen (15) years.

12. Any and all treatises, guidelines, publications, standards, protocols, manuals, policies, procedures or other written material that the plaintiff believes is germane or maybe germane to the issues presented by the Plaintiff's pleadings.

13. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on referring to or utilizing in any way during the depositions that will be conducted in this case.

14. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on using during cross examination of any witness at trial, including any document that forms the basis for any question presented to any witness at trial.

15. Any documents that were allegedly generated by or relating to the defendant in this case.

16.     Any and all correspondence between the plaintiff, Plaintiff's attorney, Plaintiff's agent, Plaintiff's attorney's agent and any third party pertaining to any issue or fact stemming from the Plaintiff's complaint.

17.     Any and all medical bills of the Plaintiff that the Plaintiff claims are as a result of the incidents alleged in the Plaintiff's complaint.

18.     Any and all documents that refer to or are germane to any damages the Plaintiff may seek in this case.

19.     Any and all governmental documents that the Plaintiff believes is relevant to any issue in this case and/or the Plaintiff or the Plaintiff's attorneys plan on utilizing in any way during the discovery phase or at trial.

20.     Any and all documents obtained by the plaintiff or the plaintiff's attorneys that in any way references the defendant, any company that is affiliated with the defendant, any of the defendant's officers, directors, owners, stockholders, employees or agents and any documents obtained by the plaintiff or the plaintiff's attorneys through the use of a FOIA request.

21.     Any and all documents sent to any physician, nurse or healing arts professional, treating or expert.

Respectfully submitted,

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA

BY: _____

D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No.: 39907

3

11694 DTM MC

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                      Plaintiff, )

vs. )
                                         )
HCR MANOR CARE, d/b/a HCR MANOR )
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                    Defendants. )

Case No. 07 L 012488

Calendar D

FILED-19
07 DEC 21 PM 3:55
CLERK OF CIRCUIT COURT
LAW DIVISION

## <u>NOTICE OF DEPOSITION</u>

TO:  Steven M. Dicker
       Dicker & Dicker
       300 W. Adams Street
       Suite 330
       Chicago, IL 60606

| DEPONENT | DATE | TIME |
|----------|------|------|
| Winston Hearns | March 20, 2008 | 2:00 p.m. |

      You are hereby notified that the undersigned will take the deposition of the above named Deponent(s) before a notary public or any other duly authorized officer in the City of Chicago on **the above date and time.** The deposition will occur at **30 N. LaSalle Street, Suite 2100, Chicago, Illinois, 60602.**

      You are hereby further notified pursuant to the Civil Practice Act and Rules of the Supreme Court of Illinois that you are by this notice required to have present at the date and time and place stated, the said Deponent(s) for oral examination for the purpose of discovery.

                                       **D. Timothy McVey**
                                       Attorney for Defendant, Health Care and
                                       Retirement Corporation of America

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:   312/551-2131
Firm No.: 39907

# EXHIBIT 6

## Affidavit of Terry Wilson

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

WINSTON HEARNS, as the Independent )
Administrator of the Estate of JESSIE MAE )
HEARNS, deceased, )
                                 )
                Plaintiff,   )
vs.                            )    Case No.
                                 )
HCR MANOR CARE, d/b/a HCR MANOR )
CARE, INC., d/b/a MANOR CARE )
HEALTH SERVICES, INC., d/b/a MANOR )
CARE HEALTH SERVICES )
HOMEWOOD, and d/b/a MANOR CARE )
OF HOMEWOOD, IL, L.L.C., )
                                 )
              Defendants.  )

## AFFIDAVIT OF TERRY WILSON

I, TERRY WILSON, being first duly sworn, am competent to testify to the facts contained in this Affidavit in that I have personal knowledge of the following:

1.    I am the Manager of Subsidiary Organization for Heartland Employment Services, LLC. In that capacity, I provide legal assistant services for ManorCare Health Services, Inc.

2.    In my job, I am responsible for maintaining the corporate minute books for ManorCare Health Services, Inc. Because of my involvement in this position, I have personal knowledge of the facts stated in this Affidavit.

3.    HCR Manor Care is a trade name for Manor Care, Inc. formerly known as HCR Manor Care, Inc.

4.    Manor Care, Inc. is a Delaware corporation with its principal place of business in Toledo, Ohio.

5.    ManorCare Health Services - Homewood was a trade name for ManorCare Health Services, Inc. at the time of Jessie Mae Hearns' residency.

6.     ManorCare Health Services, Inc. was a Delaware corporation with its principal place of business in Toledo, Ohio at the time of the residency and has since been merged out of existence.

7.     Manor Care of Homewood, IL, LLC is a Delaware limited liability company. None of the members of Manor Care of Homewood, IL, L.L.C. reside in or have their principal place of business in Illinois.

AFFIANT FURTHER SAYETH NOT.

Date: _12/27/2007_                          _Terry Wilson_
                                           Terry Wilson

Subscribed and sworn to before me this 27th day of December, 2007.

_Lisa A. Taylor_
Notary Public

LISA A. TAYLOR
Notary Public, State of Ohio
My Commission Expires 01/26/2010

2